**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa M Railey, | No. CV-24-00317-TUC-CKJ |
| Plaintiff, | **ORDER** |
| v. | |
| QuikTrip Corporation, et al., | |
| Defendants. | |

The parties hereby stipulate to the following form of Protective Order and request that this Court enter an Order approving the terms of the Stipulated Protective Order set forth below.

**STIPULATED PROTECTIVE ORDER**

In order to preserve and maintain the confidentiality of certain documents produced, or to be produced in the course of discovery and trial of this action, it is ordered that the following rules and procedures shall govern the disclosure of these documents:

1.   Documents to be produced during discovery in this litigation that contain confidential, commercial, proprietary, or trade secret information, as well as Defendant's video surveillance footage, shall hereafter be referred to as "Protected Documents."  When used in this Protective Order, the term "documents" means all written material, videotapes, deposition testimony, video surveillance, and all other tangible items.  Except as otherwise indicated below, documents designated as "Confidential - Subject to Protective Order" that

are produced or delivered to the parties and/or their attorneys, consultants, agents, or experts in this action shall be Protected Documents and given confidential treatment as described below. The parties will designate, by bate-stamp number at time of production, the documents that contain or reference confidential, commercial, proprietary, and/or trade secret information as "Confidential - Subject to Protective Order."

2. Prior to designating any material as subject to this Protective Order, the designating party must make a bona fide determination that the information is confidential and subject to protection. If a party disagrees with a designation of any document as subject to this Protective Order, the objecting party will notify the other party, in writing, stating the legal and factual bases of the disagreement with the designation. The parties will then contact the Court via a discovery dispute conference call or follow the Court's discovery dispute protocol within 30 days of receipt of such notice for the purpose of determining whether the disputed documents are entitled to protection in accordance with the applicable Rules of Civil Procedure. Unless and until the Court rules, the parties shall consider and must treat any disputed documents as subject to this Protective Order.

3. Both the Protected Documents and the information contained therein shall be treated as confidential. Except upon the prior written consent or upon further Order of this Court, the Protected Documents and the information contained therein may be shown, disseminated, or disclosed only to the following persons when reasonably required in connection with their duties relating to this action:

(a) Counsel of record in this case, including other members of counsel's law firm and any other counsel formally associated through the Court to assist in the preparation or trial of this case;

(b) Any employees of the parties' counsel, or of formally associated counsel through the Court, who assist in the preparation or trial of this case;

    (c) Experts and consultants retained by the parties for the preparation or trial of this case provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Defendant;

    (d) The Court, the Court's staff, witnesses, and the jury, as required at any hearing or at the trial of this case;

    (e) Court reporters or other official personnel reasonably required for the preparation of transcripts of testimony or hearings in this case; and

    (f) Any third party who is in the business of providing copying, scanning, printing, and finishing services (i.e. a copy service) and is hired to copy and disseminate the documents subject to this Protective Order, provided that the third party is not presently employed by a competitor of Defendant.

  4. Before giving access to any of the Protected Documents and/or the information contained therein, each person described in paragraphs 3(a) and 3(b) above shall be advised of the terms of this Protective Order, and each person in paragraphs 3(c), 3(e), and 3(f) above shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall execute Exhibit "A" confirming he/she/they will abide by the terms of the Protective Order and to submit to the jurisdiction of this Court. The attorney furnishing the documents shall receive the original signed version of Exhibit "A" from the receiving party before providing Protected Documents to the receiving party, and maintain the signed Exhibit "A" available for *in camera* review by the Court, if requested.

  5. Protected Documents, and any copies thereof, may be disclosed to deponents during the course of their preparation for, and the taking of, their depositions in this case. Prior to the disclosure of such materials to a deponent, the attorney making the disclosure shall advise the deponent to whom the material or information contained therein is to be disclosed that, pursuant to this Protective Order, such deponent may not divulge any such materials contained therein to any other person, firm or corporation. The deponent shall

then be required execute a copy of Exhibit "A" confirming he/she/they reviewed the Protective Order, agree to abide by its terms and submit to the jurisdiction of this Court. The attorney disclosing the documents shall receive the original signed version of Exhibit "A" from the deponent before disclosing the Protected Documents. Counsel agrees to maintain the signed Exhibit "A" available for *in camera* review by the Court.

6. To the extent that Protected Documents and/or information contained therein is disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party), the Protected Documents and information shall remain subject to the provisions of this Protective Order.  At the time of deposition, a party may designate the testimony pertaining to Confidential Documents and information as "Confidential - Subject to Protective Order" by indicating on the record that the testimony is confidential and is subject to the provisions of this Protective Order.  Any party may also designate information disclosed at such deposition as "Confidential - Subject to Protective Order" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential - Subject to Protective Order."  Each party shall attach a copy of such written notice or notices to the deposition transcript and each copy thereof in his/her/its/their possession, custody and/or control.  Without limiting the foregoing, all deposition transcripts shall be treated as "Confidential Information" for a period of thirty (30) days after receipt of the transcript, after which they shall lose any confidential status unless a party provides in writing confirmation that it is to remain confidential.

7. Nothing in this order shall be construed as automatically permitting a party to file under seal.  Before any party files any document under seal such party shall seek leave of Court and shall show "compelling reasons" (dispositive motion) or "good cause" (non-dispositive motion) for filing under seal.  *See Kamakana v. City and County of*

*Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).  Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document.  *See also* Arizona District Court Local Rule Civil 5.6.  Further, no portion of the trial of the matter shall be conducted under seal.

8. Inadvertent or unintentional disclosure of documents or testimony containing information which should have been designated as a Protected Document shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.  If a party fails to designate a document as a Protected Document within thirty (30) days of receipt of the document, and at some point thereafter wishes to re-designate the document as a Protected Document, the party may do so either by obtaining agreement from the opposing party, or by obtaining leave from the Court to allow the document to be re-designated as a Protected Document.  Once a party contacts the opposing party about a document or testimony that it wishes to re-designate as a Protected Document, the opposing party is prohibited from further disseminating the subject information, and must take all reasonable steps to ensure that it is not further disseminated by any party who may have a copy of or access to the information, until there is a determination regarding whether the information will be allowed to be re-designated as a Protected Document.  If a party requests, the opposing party shall provide a written confirmation of what actions were taken as reasonable steps were taken to protect the information.

9. Protected Documents that are marked and identified as described above shall be used solely in connection with the preparation and trial of this lawsuit or as otherwise provided herein.

10. Except as expressly stated herein, nothing in this Protective Order is intended to affect any right any party otherwise might have under the rules governing this proceeding or the doctrines of attorney-client privilege or attorney work product.

11. All documents, testimony and information covered by this Protective Order, and all copies thereof, shall be returned to the producing party or its attorneys of record, or otherwise destroyed with confirmation to the producing party or its attorneys of record, within thirty (30) days of the conclusion of this litigation, and no copies thereof shall be retained, for any reason whatsoever, by any person, firm or corporation, including attorneys, without the written consent of the attorney representing the producing party in this litigation.  Any documents, testimony or information maintained electronically that are covered by this Protective Order and all copies thereof, shall be destroyed, deleted and/or purged. A written certification that all Protected Documents have been returned or destroyed must be provided to the producing party within a reasonable time period.

12. After termination of this litigation, the provisions of this Protective Order with respect to both the Protected Documents and the information contained therein shall continue to be binding.  This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Protective Order following termination of this litigation.

13. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons/organizations/entities over which they have control.

Dated this 4th day of September, 2024.

_____
Honorable Cindy K. Jorgenson
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Melissa M. Railey,<br><br>Plaintiff,<br><br>v.<br><br>QuikTrip Corporation, et al.,<br><br>Defendants. | No. CV-24-00317-TUC-CKJ<br><br>**PROTECTIVE ORDER** |

EXHIBIT "A"

I,_____, do hereby acknowledge that I have received and read a copy of the attached Protective Order dated _____, 2024 ("Protective Order"), and I agree that I will be bound by its terms and provisions; and that I will not reveal the contents of any materials I obtain in connection with this litigation to anyone, except the parties or Court personnel in this action.  I agree that, if I receive any document marked "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE

- 7 -

ORDER" or otherwise designated as confidential within the terms of the Protective Order, I will not make any copies thereof without the written consent of DEFENDANT.

      I agree that, within thirty (30) days after I receive notification that this lawsuit has been concluded, I shall return to DEFENDANT or its attorney of record in this litigation, all copies of confidential documents that I have received pursuant to the terms of the Protective Order.

      I hereby consent to be subject to the jurisdiction of this Court including, but not limited to, its contempt powers.

      DATED this _____ day of _____, 2024.

_____